Mitchell W. MACKEY, Jr.,
Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of
Health and Human Services,
Defendant–Appellee.

No. 94–2086.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1994.

Decided Feb. 10, 1995.

E. Gregory Wallace, Jonesboro, AR, argued (Anthony Bartels, on the brief), for appellant.

Martin W. Long, Dallas, TX, argued, for appellee.

Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.

LOKEN, Circuit Judge.

Mitchell Mackey appeals a district court[1] judgment affirming the Secretary's denial of his application for Social Security disability benefits. After again probing the perplexing issue of how medical evidence first submitted to the Secretary's Appeals Council should be evaluated by a reviewing court, we affirm.

Mackey applied for benefits in January 1992, alleging that he suffers from disabling pain in his back, shoulders, and knees and from numbness in his arms and legs. After the application was denied, both initially and on reconsideration, Mackey's attorney requested a hearing. Shortly before the hearing, Mackey was examined for the first time by a psychiatrist, Dr. W. Gerald Fowler, who diagnosed somatoform pain disorder, major depression, and borderline intellectual functioning. Dr. Fowler estimated that Mackey has an IQ of 70 to 74 but did no IQ testing.

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The HONORABLE HENRY L. JONES, United States Magistrate Judge for the Eastern District of Arkansas.

Mackey submitted Dr. Fowler's report at the hearing, along with extensive medical evidence concerning his alleged physical impairments.

After the hearing, the administrative law judge (ALJ) found (i) that Mackey has "severe early, mild degenerative disc disease of the lumbosacral spine, lumbar myofascitis, sacroiliitis and mild chondromalacia patella of both knees," (ii) that Mackey has no listed impairment, (iii) that his testimony as to disabling pain was not credible, (iv) that he is unable to perform his past relevant work as a laborer, maintenance man, and warehouse manager, but (v) that he has the residual functional capacity to perform the full range of sedentary work and is therefore not disabled. Regarding Dr. Fowler's psychiatric diagnosis, the ALJ commented: "Dr. Fowler states that claimant has borderline intellectual functioning but no where in the report does any evidence exist that demonstrates claimant took an acceptable IQ test, specifically the WAIS–R,[2] that is required for IQ assessment."

Mackey then requested review by the Secretary's Appeals Council, submitting a report by Psychologist George M. De Roeck. This report stated that Mackey has a full scale IQ of 65, placing him in the mild mentally retarded range, based upon WAIS–R tests conducted after the ALJ's decision. Based upon De Roeck's report, Mackey argued for the first time that he has an impairment listed in the Secretary's regulations as presumptively disabling: a "valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R., Part 404, Subpart P, App. 1, § 12.05C. Nonetheless, the Appeals Council denied review, concluding:

> Although Dr. De Roeck's report includes the Wechsler Adult Intelligence Scale scores, the report appears to be inconsistent with the record as a whole. The Appeals Council, therefore, is of the opinion that this additional evidence provides no substantial basis for changing the Administrative Law Judge's decision.

Mackey now seeks judicial review. He argues only one issue, that substantial evidence does not support the ALJ's decision because he meets Listing 12.05C and is therefore disabled. The district court rejected this contention, concluding on the basis of *Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir.1993), that it must ignore Mackey's new evidence submitted to the Appeals Council because that evidence "has no bearing on the condition that he has alleged is disabling." To reach the merits of the 12.05C listed impairment issue on appeal, we must first traverse a confusing and recurring procedural issue.

1. When a disability claimant seeks to present new medical evidence to a reviewing court, the claimant must show that the evidence is material *and* that there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). That was the issue in *Woolf*. However, if the claimant submits new medical evidence to the Appeals Council, the Appeals Council "shall evaluate the entire record including the new and material evidence" if it determines that the evidence is material. 20 C.F.R. § 404.970(b). That is what happened in this case, so the district court's reliance upon *Woolf* was misplaced.

2. The district court was correct, however, in stating that a reviewing court need not always consider a post-hearing medical report which suggests an impairment not urged before the ALJ. That was the issue in *Sullins v. Shalala*, 25 F.3d 601, 604–05 (8th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 722, 130 L.Ed.2d 627 (1995), which involved a post-hearing report supporting a totally new claim of a disabling mental impairment. The Secretary argues broadly that *Sullins* controls this case. We disagree. Here, Dr. Fowler's pre-hearing report raised an issue of mental impairment that the ALJ considered. Moreover, the Appeals Council considered De Roeck's post-hearing report on its merits. This means the Appeals Council found the report material to issues before the ALJ. Finally, the narrow issue in *Sullins* was whether the ALJ had framed a proper hypothetical to the vocational expert;

---

**2.** The Wechsler Adult Intelligence Scale–Revised.

we held that the hypothetical could not include an impairment not supported in the record before the ALJ. For these reasons, we find *Sullins* distinguishable and conclude we must consider the De Roeck report.

 3. When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Secretary. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. *See Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As we have noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala,* 18 F.3d 619, 622 (8th Cir.1994). Some circuits simply refuse to consider such tardy evidence as a basis for finding reversible error. *See Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir.1994); *Cotton v. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993). But we do include such evidence in the substantial evidence equation.

 4. That brings us to the merits of this case. The only evidence of mental impairment before the ALJ was Dr. Fowler's report, which did not support a 12.05C listed impairment because there was no adequate IQ evidence; indeed, Dr. Fowler's IQ estimate was above the 12.05C range. The expanded record contains De Roeck's report, which includes the results of WAIS–R testing showing that Mackey has a full scale IQ of 65, well within the 12.05C range. However, the Appeals Council rejected De Roeck's report as inconsistent with the record before the ALJ. Although we are not bound by the Appeals Council's evaluation of this IQ evidence, we should give it considerable deference, at least when, as in this case, it has support in the record. Nothing in Mackey's prior work history or educational background, and nothing in the medical evidence before the ALJ, supports an IQ so low as to reflect mild mental retardation. Moreover, De Roeck's report notes that Mackey's "slow response rate [during the WAIS–R tests] did

negatively interfere with his score on the performance subtests."

The parties to this appeal have presented an interesting administrative law question—whether a reviewing court may find that a claimant has a 12.05C listed impairment when the evidence before the ALJ suggested only a less severe mental impairment and the Appeals Council denied review. Certainly the regulations appear to authorize the Appeals Council to step in and make a final decision in the claimant's favor. *See* 20 C.F.R. §§ 404.970(b), 404.979. Assuming without deciding that a reviewing court also has this power, and at a minimum has the power to remand for an additional hearing on the 12.05C issue, we nonetheless agree with the Appeals Council that Mackey's post-hearing new evidence does not establish a 12.05C listed impairment. Accordingly, the judgment of the district court is affirmed. Mackey's motion for leave to file a supplemental brief is granted.