65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Dennis GUTHMILLER, Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Appellee.
 No. 94-3200.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 30, 1995.
Filed: Sept. 5, 1995.
 
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis Guthmiller appeals the district court's order affirming the Secretary's decision to deny Guthmiller's second application for disability insurance benefits based on lower back pain. The administrative law judge (ALJ) found Guthmiller's recurrent herniated disc and borderline intellectual functioning constituted severe impairments, but not of listing-level severity, and although Guthmiller could not perform his past work in a bakery, he had the residual functional capacity for sedentary to light work with certain limitations. Because we find the ALJ's decision is supported by substantial evidence on the record as a whole, including the evidence submitted after the decision was made, we affirm. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).
 
 
 2
 Our review of the record shows the ALJ properly considered the criteria set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir.
 
 
 3
 1984), in discounting Guthmiller's subjective complaints of pain and physical and exertional limitations. We do not agree with Guthmiller's assertion that his treating physician's post-hearing letter placing Guthmiller in a listing category for disorders of the spine undermines the ALJ's findings. The doctor did not specify the duration or severity of all Guthmiller's symptoms. Nor is there any indication in the record that the ALJ failed to give this doctor's earlier opinions proper weight.
 
 
 4
 We also find the ALJ and the vocational expert properly considered Guthmiller's borderline intellectual function. Although Guthmiller's I.Q. of 73 nearly equals a listed impairment, this listing does not compel a finding that Guthmiller is disabled. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir.1995) (affirming denial of benefits for claimant who alleged disabling back pain and had estimated of I.Q. of 70 to 74); Turley v. Sullivan, 939 F.2d 524, 525 (8th Cir.1991) (per curiam) (finding claimant alleging disabling asthma and low back pain, with verbal I.Q. of 73, not disabled).
 
 
 5
 Having considered all of Guthmiller's arguments, we affirm the judgment of the district court.