# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2214EA

———————

| | | |
|---|---|---|
| Allen Barnes, | * | |
| | * | On Appeal from the United |
| Appellant, | * | States District Court |
| | * | for the Eastern District |
| v. | * | of Arkansas. |
| | * | |
| Social Security Administration, | * | [To Be Published.] |
| | * | |
| Appellee. | * | |

——————

Submitted: March 22, 1999
Filed: March 30, 1999

——————

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

——————

PER CURIAM.

Allen Barnes appeals the District Court's[1] affirmance of the denial of Social Security benefits.  We affirm.

Barnes was forty-seven years old at the time of the hearing before the administrative law judge (ALJ).  He had obtained his GED in 1968, and had past

———————————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

relevant work experience as a welder. At the hearing, Barnes testified that his right hand was "always . . . sore" and did not allow him to "grip"; that he had problems moving his right shoulder and "picking up stuff"; and that injuries to his left upper extremity prevented him from being able to use that area of his body. He said that he occasionally mowed the lawn (with frequent breaks), but that he cannot do anything "except sit." He does not watch television, and has problems driving because he cannot turn his head. On days that he does not "feel too bad," he goes to visit his mother, who lives about ten miles away. In a "supplemental interview outline" filled out in connection with his application, however, Barnes reported he could "do most everything [he] want[ed], but with one hand on[]ly."

Although Barnes was unable to work with his left arm, his treating physician noted that that arm could be used for minor balancing and to help hold light objects. In 1993, the doctor released him to work with his right arm only. Progress notes from 1993 indicate that Barnes functioned "reasonably well" at work, and that he worked "as many as 70 hours a week doing one handed jobs." In 1994, a second doctor evaluated Barnes and noted his symptoms had changed "little," although he had been working and using only his right hand. Also in 1994, however, a third doctor believed that Barnes was unable to use either upper extremity or either hand for regular and sustained activity. In 1995, a fourth doctor found that Barnes had good range of motion and strength in his right upper extremity, had an excellent grip on his right, and could perform various activities on his right. The doctor noted that Barnes's ability to stand, walk, and sit was not affected.

A vocational expert testified that there were light and sedentary jobs available in the national economy that a person with Barnes's impairments (including a left arm that could be used only for assistance), age, education, and work experience could perform, including 5,578 security guard jobs and 2,480 clerk jobs.

The ALJ concluded Barnes was not disabled as defined by the Social Security Act, finding his testimony regarding his pain was "not credible to the extent alleged." The ALJ found that Barnes could not return to his past work, but that he had the residual functional capacity to perform a limited range of one-arm light work. The Appeals Council denied review, and the District Court granted summary judgment in favor of the Commissioner.

Our review on appeal is limited to a determination of whether the Commissioner's decision is supported by substantial evidence on the record as a whole. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir. 1997). As the Appeals Council considered new material evidence and declined review, we must consider that new evidence in determining whether the Commissioner's decision is supported by substantial evidence. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995); Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

We conclude the ALJ relied upon proper factors in discounting Barnes's subjective complaints of pain under the standard set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Specifically, the ALJ relied upon the minimal objective medical evidence of an impairment of Barnes's right arm; the consistent opinions of three doctors, including Barnes's treating physician, who placed no restrictions on Barnes other than left-hand lifting; his use of only Tylenol for pain; his ability to manage self-care and household responsibilities; and, according to his report filled out in conjunction with his benefits application, his ability to do almost anything he wants with his right hand. See Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996); Smith v. Shalala, 987 F.2d 1371, 1374-75 (8th Cir. 1993); Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992); Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir. 1992); Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). There is no medical evidence indicating that the condition of his right shoulder has deteriorated since 1993, when he was able to work "reasonably well" using only his right side. After considering the

record and the new evidence, we conclude that substantial evidence supports the ALJ's decision.

Barnes's contention that the ALJ failed to consider the combined effect of his impairments lacks merit, as the ALJ discussed the evidence of impairments as a whole, recognizing Barnes's left-arm deficits and considering whether the evidence would support Barnes's allegations regarding his right arm. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1075 (1988). Finally, the ALJ's hypothetical question to the VE was not erroneous, as it included all the impairments that the ALJ found supported by the record as a whole. See Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-