# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2293

_____

| | | |
|---|---|---|
| Cecelia F. Estes, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kenneth S. Apfel, Commissioner, | * | Western District of Arkansas |
| Social Security Administration, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 6, 2000

Filed: June 26, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Cecelia F. Estes appeals from the final judgment entered in the United States District Court[1] for the Western District of Arkansas, affirming the Commissioner's decision to deny her applications for disability insurance benefits and supplemental security income. Estes claimed disability based on lower-back and left-hip pain, and

_____

[1]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom this case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

depression. The administrative law judge (ALJ) concluded that Estes was not disabled, because she could perform sedentary work, and in particular, her past relevant work in Wyoming as a nursing-home receptionist/secretary. For reversal Estes argues, among other things, that the ALJ erred in ignoring the opinion of her consulting psychologist (who concluded Estes was incapable of successful employment), and in determining her residual functional capacity (RFC). For the reasons discussed below, we affirm the judgment of the district court. See Barnes v. Social Sec. Admin., 171 F.3d 1181, 1183 (8th Cir. 1999) (per curiam) (standard of review).

We hold that the ALJ did not ignore the opinion of Estes's consulting psychologist because he specifically mentioned the psychologist's report in his summary of the medical evidence. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (given ALJ's specific reference to physician's findings, it was unlikely ALJ did not consider and reject physician's opinion that claimant was disabled). We further hold that the ALJ was not required to defer to the opinion of a psychologist who evaluated Estes only once and whose conclusions were inconsistent with those of her primary physician. See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999) (opinion of consulting physician who examines claimant once or not at all does not generally constitute substantial evidence); Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) (ALJ may reject conclusions of any medical expert if they are inconsistent with record as whole).

We also conclude that the ALJ's RFC finding--that Estes was capable of performing sedentary work, and occasionally lifting 10 pounds, stooping, and crouching--is supported by the medical evidence. See Weiler v. Apfel, 179 F.3d 1107, 1109 (8th Cir. 1999) (Commissioner bears burden of establishing RFC by medical evidence). The sitting limitations imposed by her primary physician are inconsistent with the opinion of the specialists that she could return to light work and with the lack of objective medical evidence supporting sitting restrictions. See Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998) (although treating physician's opinion is considered

significant, specialists' opinions are generally afforded more weight; ALJ need not adopt treating physician's opinion on ultimate issue of disability).

We have also considered Estes's additional arguments, and we reject them as meritless without further discussion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.