# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1442

_____

Steve Walde,                                    *
                                                *
            Appellant,                          *
                                                *   Appeal from the United States
       v.                                       *   District Court for the
                                                *   Western District of Arkansas
Kenneth S. Apfel, Commissioner,                 *
Social Security Administration,                 *          [UNPUBLISHED]
                                                *
            Appellee.                           *

_____

Submitted: November 7, 2000

Filed: November 15, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

       Steve Walde appeals the District Court's[1] order affirming the Commissioner's
decision to deny his applications for disability insurance benefits and supplemental

_____

[1]The Honorable Beverly Stites Jones, Magistrate Judge, United States District
Court for the Western District of Missouri, to whom the case was referred for final
disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994 & Supp. IV
1998).

security income. Walde alleged disability from tendonitis, bursitis, ankle problems, and severe neck and shoulder pain, indicating that he had considered suicide because of depression, anxiety, and pain. After a hearing, the administrative law judge (ALJ) concluded, based upon the testimony of a vocational expert (VE), that Walde could not perform his past relevant work, but that he had the residual functional capacity (RFC) to perform certain sedentary work identified by the VE. After a thorough review of the record, we affirm. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995) (standard of review).

On appeal, Walde first argues that the ALJ erred in discounting the "uncontradicted" March 1997 opinion of his treating psychologist, Dr. Brazas, as to his mental RFC. We disagree. The ALJ declined to adopt the March 1997 RFC findings, noting they were based on an assumption—unsupported by the evaluations of treating and consulting specialists—that Walde's physical injury and pain were real, and Dr. Brazas's opinion was not conclusive on the ultimate question of disability. See Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) ("The ALJ may reject the conclusions of any expert . . . if they are inconsistent with the record as a whole.").

Next, Walde contends that the ALJ failed to support his credibility findings, or to consider Walde's impairments in combination. To the contrary, the ALJ considered Walde's subjective complaints of pain, but for good cause expressly discredited them to the extent alleged. See Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999). The ALJ's thorough summary of the medical evidence and his statement as to the combined impairments reflect that he properly considered Walde's combined impairments. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Relying on specific sections of the Programs Operations Manual Systems (POMS), which have no legal force and are not binding on the Commissioner, see Berger v. Apfel, 200 F.3d 1157, 1161 (8th Cir. 2000), Walde asserts that he must be found disabled as he cannot perform the full range of sedentary work (focusing on

sitting limitations), and that the ALJ improperly discredited the physical-RFC findings of his treating physician, Dr. Rigler. Walde's reliance on the cited POMS sections is unwarranted as the record does not support restrictions in the use of his hands and fingers, and the sitting limitations found by the ALJ do not preclude sedentary work. See SSR 96-9p, 1996 WL 374185, at *6-7 (Social Security Administration, July 2, 1996) (discussing sitting limitations in sedentary jobs). As to Dr. Rigler's physical-RFC findings, the ALJ stated he considered them, but that he gave greater weight to the opinions of two specialists. Further, Dr. Rigler's findings were incomplete and he failed to provide a basis for the limitations other than Walde's pain reports and his cervical-fusion history. See Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) ("A treating physician's opinion . . . will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."); Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998) (holding that the ALJ need not adopt the treating physician's opinion on the ultimate issue of disability because "although a treating physician's opinion is considered to be significant, specialists' opinions are generally afforded more weight").

Finally, Walde argues that the hypothetical forming the basis of the VE's opinion that he could perform certain sedentary jobs did not accurately state his limitations. This argument also fails because the ALJ properly discredited Walde's subjective complaints of disabling pain, see Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2000) (holding that the ALJ was not required to include impairments in a hypothetical that were unsupported by record), and thus the VE's testimony constituted substantial evidence. See Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999).

Accordingly, we affirm.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.