# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2960

_____

| | | |
|---|---|---|
| Debbie L. Peace, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| JoAnne B. Barnhart,[1] Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 4, 2002

Filed: January 18, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

---

[1]JoAnne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Debbie L. Peace appeals the district court's[2] order affirming the denial of disability insurance benefits. In her June 1997 application, Ms. Peace alleged disability since August 1996 from severe nerve pain, headaches, and numbness and tingling in her left hand and arm; she later added muscle spasms in her back. After an administrative hearing, in May 1999 the administrative law judge (ALJ) found that Ms. Peace could perform certain jobs identified by the vocational expert (VE) in response to a hypothetical the ALJ posed, and thus that she was not disabled. Ms. Peace submitted additional records to the Appeals Council, including records of a January 2000 neck surgery, but the Appeals Council declined review. Having reviewed the record, including the records considered by the Appeals Council, we conclude there is substantial evidence to support the ALJ's decision. See Barnes v. Soc. Sec. Admin., 171 F.3d 1181, 1183 (8th Cir. 1999) (per curiam) (standard of review).

Ms. Peace first argues she met the requirements of Listing 1.05C, and the ALJ and the district court failed to show that following her doctors' recommendations would have restored her ability to work. We disagree. Ms. Peace did not meet the listing-level requirements, as the record shows only minor or mild changes in her neck range of motion, muscle strength, and deep-tendon reflexes, so whether she complied with prescribed therapy is not determinative. See 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.05C (2001) (listing requirements for other vertebrogenic disorders).

Ms. Peace next contends that the ALJ's credibility analysis did not comply with Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and that the ALJ mischaracterized some of the evidence upon which he relied to discredit her. The alleged mischaracterizations she notes, however, do not negate the ALJ's

_____

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

determination that her subjective complaints of pain did not preclude all work, <u>see</u> <u>Gowell v. Apfel</u>, 242 F.3d 793, 796 (8th Cir. 2001) (there is no doubt claimant is experiencing pain, but real issue is how severe that pain is); and contrary to her assertion, a sporadic work history is relevant to a credibility analysis, <u>see</u> <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1214 (8th Cir. 1993). Further, the January 2000 surgical records she submitted do not establish that her neck problems were disabling before her date last insured (March 1998). Finally, although we question the ALJ's reliance on Ms. Peace's reportedly limited daily activities to discredit her, <u>see</u> <u>Haggard v. Apfel</u>, 175 F.3d 591, 594 (8th Cir. 1999) (claimant need not be totally bedridden to be disabled), the other inconsistencies the ALJ listed were sufficient to support his credibility decision, <u>see</u> <u>id.</u> (reviewing court will not disturb decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints).

Ms. Peace asserts that the ALJ failed to develop the record by requesting a psychiatric evaluation. This argument also fails. She did not claim a disabling mental impairment in her application, her reconsideration disability report, or her hearing request; and her treating physician did not diagnose situational depression until after her date last insured. Thus, a consultative mental examination was not required. <u>See</u> <u>Haley v. Massanari</u>, 258 F.3d 742, 749-50 (8th Cir. 2001) (it is permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

Finally, Ms. Peace argues that the ALJ's hypothetical to the VE was incomplete. However, the ALJ was not required to adopt the added limitations noted by a Social Security Administration reviewing physician, <u>cf.</u> <u>Pierce v. Apfel</u>, 173 F.3d 704, 707 (8th Cir. 1999) (government does not have to live with expert's conclusions simply because government hired expert to evaluate claimant); and because the ALJ properly discounted Ms. Peace's subjective mental complaints, excluding them from the hypothetical was proper, <u>see</u> <u>Hunt v. Massanari</u>, 250 F.3d 622, 625 (8th Cir. 2001)

(hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.