# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3224

_____

Kathy S. Hall,                                    *
                                                  *
              Appellant,                          *
                                                  *
Knute O. Hall,                                    *
                                                  *
              Appellant,                          *
                                                  *    Appeal from the United States
       v.                                         *    District Court for the
                                                  *    District of North Dakota
JoAnne B. Barnhart, Commissioner of               *
Social Security,[1]                               *         [UNPUBLISHED]
                                                  *
              Appellee.                           *

_____

Submitted:  February  6, 2002

Filed:  February 28, 2002 (Corrected: 4/23/02)

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

_____

   [1]JoAnne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Kathy S. Hall appeals from the final judgment entered in the District Court[2] for the District of North Dakota affirming the denial of disability insurance benefits, child's disability benefits, and supplemental security income. For reversal Hall argues the administrative law judge (ALJ) erred in failing to find her disabled under Listing 11.03 (Epilepsy--Minor motor seizures (petit mal, psychomotor, or focal)), or Listing 12.02 (Organic Mental Disorders). She also argues that even if she does not meet the listing requirements, the ALJ's opinion is not supported by substantial evidence. For the reasons discussed below, we affirm the judgment of the district court. See Barnes v. Soc. Sec. Admin., 171 F.3d 1181, 1183 (8th Cir. 1999) (per curiam) (standard of review).

In her July 1997 applications Hall alleged disability since October 1995 from epilepsy, depression, nausea, dizziness, headaches, and poor memory, all secondary to a closed head injury. After an administrative hearing, in January 1999 the ALJ found that Hall could perform certain jobs identified by the vocational expert in response to a hypothetical question the ALJ had posed, and thus she was not disabled. Hall submitted to the Appeals Council a March 1999 letter from her treating neurologist Dr. Lee, but the Appeals Council declined review.

As to Listing 11.03, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.03, Hall met the first requirement. However, it is open to question whether she met the second one, given the documented instances of her noncompliance with prescribed medications, see id. § 11.00 A (§ 11.03 criteria can be applied only if impairment persists despite claimant's adherence to prescribed anticonvulsant treatment), and the record does not support the final one--transient post-seizure manifestations of unconventional behavior or significant interference with activity during the day.

---

[2]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Under Listing 12.02 a claimant must meet one category A and two category B criteria, or one category C criterion. See id. § 12.02. The neuropsychiatric testing results and treatment records Hall cites established at least two category A criteria, but the record did not show the category B criteria of marked limitations in daily-living activities, social functioning, or concentration, persistence, or pace, nor did it show repeated extended episodes of decompensation, a criterion in both categories B and C, see id. § 12.00 C (explaining each criterion; defining "marked"). Hall also failed to meet any of the other category C criteria: as the ALJ noted, she functioned well during the multiple extensive testing sessions and at the hearing; and Dr. Joubert, who treated her numerous times over an extended period, noted she would encourage Hall to work, while evaluating psychologist Dr. Anderson strongly encouraged Hall to seek vocational rehabilitation.[3] See id.

In support of her final argument, Hall contends the ALJ ignored medical evidence and made improper credibility determinations, and the Appeals Council improperly discounted Dr. Lee's letter. She also implies the ALJ failed to consider her impairments in combination. We disagree. First, the relevant inquiry is whether Hall's persistent, post-injury, short-term memory loss and nausea prevented her from working, cf. Hutton v. Apfel, 175 F.3d 651, 654 (8th Cir. 1999) (noting there is no doubt claimant is experiencing pain, but real issue is severity of pain); and we may not reverse merely because substantial evidence in the record supports a different outcome, see id. Second, an ALJ is not required to discuss all the evidence, and failure to cite specific evidence does not indicate it was not considered. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000). Third, deference to the ALJ's credibility determinations is appropriate, as he gave good reasons for discrediting the testimony of Hall and her mother, see Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001), and

---

[3]We decline to consider the October 2000 letter about vocational rehabilitation submitted by Hall on appeal, as it was not written until after the Appeals Council's September 2000 decision.

he found that the testimony of Hall's treating nurse did not indicate Hall was unable to work. Fourth, Dr. Lee did not specify in his letter any work-related limitations, see Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (noting treating physician's opinion deserves no greater weight when it consists of nothing more than vague conclusory statements); nor did he attach additional treatment records, and according to the record before the ALJ, he saw Hall only twice in late 1998, cf. id. at 720-21 (noting ALJ properly discounted treating physicians' opinions as to claimant's residual functional capacity, in part because they were based on relatively short-term relationship with claimant). Finally, the ALJ discussed each of Hall's impairments and concluded that her impairments, alone or in combination, were not of listing-level severity. See Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (rejecting conclusory statement that ALJ failed to consider combined effects of impairments).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.