# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3677

_____

Donald V. Owens,                          *
                                          *
              Appellant,                  *
                                          *   Appeal from the United States
     v.                                   *   District Court for the
                                          *   District of Minnesota.
Jo Anne B. Barnhart, Commissioner         *       [UNPUBLISHED]
Social Security Administration,           *
                                          *
              Appellee.                   *

_____

Submitted: August 30, 2004
    Filed:   September 8, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Donald V. Owens appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB). Having carefully reviewed the record, including the records submitted to and considered by the Appeals Council, we affirm. See Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995) (standard of review).

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jonathan G. Lebedoff, United States Magistrate Judge for the District of Minnesota.

In his October 1996 application, Owens alleged disability since June 1996 from degenerative disc disease. He later added depression as a basis for disability and revised his date of onset to December 1988.[2] After a September 1998 hearing, where a medical expert (ME) and a vocational expert (VE) testified, an administrative law judge (ALJ) determined that during the relevant period Owens had severe degenerative disc disease and mechanical low back pain; he had no medically determinable psychiatric impairment, and his right shoulder impingement was not severe; he had the residual functional capacity described by the ME; and while he could not perform his past relevant work, he could perform jobs that the VE had identified in response to a hypothetical the ALJ posed.

We reject Owens's contention that the ALJ failed to conduct a credibility analysis pursuant to Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ specifically noted the requisite analysis under Polaski, summarized the testimony of Owens and his wife, acknowledged Owens's work record and efforts to return to the work force, and gave multiple valid reasons for finding the testimony of Owens and his wife not entirely credible. See Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003) (if ALJ explicitly discredits claimant and gives good reasons for doing so, court will normally defer to credibility determination).

Owens argues that the ALJ erred by not finding his shoulder and mental-health problems severe. We disagree. There was no indication in the medical records of a mental-health problem until 1995 (after Owens's insured status expired) when antidepressants were prescribed for the first time. See 20 C.F.R. § 404.1505(a) (2004) (mental impairment must be medically determinable); Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, applicant must establish disability existed before expiration of insured status); cf. Jones v. Callahan, 122 F.3d 1148,

_____

[2]Owens's insured status expired in December 1993, and thus the period at issue is from December 1988 to December 1993.

1153 (8th Cir. 1997) (ALJ properly concluded claimant did not have severe mental impairment, as claimant was not undergoing regular mental-health treatment or regularly taking psychiatric medications, and his daily activities were not restricted from psychological causes). As to shoulder problems, the medical records for the period at issue indicate only that Owens reported periodic shoulder pain in 1991, that after a September 1991 car accident, a soft-tissue injury was diagnosed and treated conservatively; and that surgery was recommended in August 1993 for a torn right shoulder tendon. However, Owens himself testified that he had had no shoulder problems since 1991, and he apparently chose not to undergo the surgery recommended in 1993. Thus, substantial evidence supports the ALJ's conclusion that Owens's shoulder problem was not severe, see 20 C.F.R. § 404.1521(a) (2004) (impairment is not severe if it does not limit physical ability to do basic work activities); and because the ALJ properly determined that, during the relevant period, Owens had no medically determinable mental-health impairment, we reject Owens's further contention that the ALJ was required to consider Owens's mental health in combination with his non-severe shoulder impairment.

Owens complains that the ALJ failed to develop the record fully because the ALJ did not obtain the records of Drs. John McMahon and Walt Dorman. However, Owens did not indicate at the hearing, where he was represented by counsel, that other records necessary to determine his claim needed to be obtained. Cf. Haley v. Massanari, 258 F.3d 742, 749-50 (8th Cir. 2001) (ALJ is permitted to issue decision without obtaining added medical evidence where other evidence in record provides sufficient basis for ALJ's decision). Further, he does not explain the legal significance of these records. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (reversal for failure to develop record is justified only where such failure is unfair and prejudicial; fact that claimant's counsel did not obtain records suggests they had only minor importance).

-3-

Finally, given the lack of any evidence showing that Owens suffered from a medically determinable mental impairment during the relevant period, his contention that the hypothetical should have taken into account his mental impairment is meritless.  See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001) (hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Accordingly, the judgment is affirmed.

_____