915 F.2d 1223
 31 Soc.Sec.Rep.Ser. 287, Unempl.Ins.Rep. CCH 15688A
Howard A. SIMONS, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services of the United States of America, Appellee.
 No. 90-1494.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 25, 1990.
Decided Oct. 8, 1990.
 
 Thomas A. Wagoner, Grand Island, Neb., for appellant.
 Daniel A. Morris, Omaha, Neb., for appellee.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Howard A. Simons appeals from the district court's order affirming the decision of the Secretary of Health and Human Services (Secretary) denying him disability benefits. We reverse, and find that the Secretary's determination that the claimant can do sedentary or light work is not supported by the record as a whole. In doing so we find the claimant is entitled to disability benefits.
 
 BACKGROUND
 
 2
 At the time of the hearing before the ALJ in 1988 Simons was fifty-three years old. He has a ninth grade education and has been employed as a truck driver for more than thirty years. Simons' right eye was removed due to glaucoma in 1970, but he continued to drive a truck until 1986, when he failed an eye test.[1] Simons also began experiencing arthritis in 1981 or 1982, and was diagnosed in 1987 with "either osteoarthritis or possibly even a seronegative rheumatoid arthritis." [T. 126]. Dr. John Cannella believed Simons suffered "rather extensive pain." [T. 126]. Simons testified he has difficulty walking and in using his hands or arms. He uses a cane. [T. 32-35].
 
 
 3
 In reviewing Simons' claim for disability benefits, the ALJ followed the Secretary's multi-step analysis for determining disability. See 20 C.F.R. Secs. 404.1520, 416.920 (1990). The ALJ found that Simons was not gainfully employed, that he has a "severe" impairment (but not qualifying as a disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1), and that his impairment prevents him from continuing truck driving. At that point in the process, the remaining issue was whether Simons has "residual functional capacity" and the requisite "age, education, and past work experience" to do other work. 20 C.F.R. Sec. 404.1520(e)(1) (1990).
 
 
 4
 The ALJ found that Simons could perform "light" work, defined by the Secretary as requiring lifting up to twenty pounds with some walking or standing, or sitting with frequent use of arm or leg controls. See 42 C.F.R. Sec. 404.1567 (1990). The vocational counselor testifying at the hearing agreed that Simons had the physical ability to perform light work, but explicitly stated that Simons was not presently qualified intellectually for such positions:
 
 
 5
 ALJ: So what type of clerical jobs did you say were the most appropriate under hypothetical question one?
 
 
 6
 Vocational Expert: Out of the one's that he mentioned, dispatcher would be most appropriate. And he also mentioned the inventory or maybe shipping and receiving clerk, but again, there has to be some indication he'd be capable of that.
 
 
 7
 ALJ: Okay. These are semi-skilled jobs?
 
 
 8
 Vocational Expert: Yes.
 
 
 9
 ALJ: And if you assume [Simons'] testimony today here is true, what would be your opinion as to his ability to perform those jobs?
 
 
 10
 Vocational Expert: Physically, I believe he would be able to handle them.
 
 
 11
 ALJ: Okay. So you're more concerned with his intellectual mental abilities?
 
 
 12
 Vocational Expert: Yes.
 
 
 13
 [T. 43].
 
 
 14
 [on cross examination]
 
 
 15
 Counsel: I don't mean to be putting words in your mouth, Mr. Ventor, but what you're saying there's a possibility that Howard--or that Mr. Simons could return to work after a period of training if he was qualified intellectually for the training?
 
 
 16
 Vocational Expert: Yes.
 
 
 17
 Counsel: But that at present he's not qualified for employment?
 
 
 18
 Vocational Expert: No.
 
 
 19
 [T. 44] (emphasis added).
 
 
 20
 Despite this testimony, the ALJ proceeded to apply the Medical-Vocational Guidelines (Guidelines), and concluded that Simons' was not disabled.
 
 
 21
 We have consistently held that the Guidelines may not be used when the claimant suffers from non-exertional limitations. McCoy v. Schweiker, 683 F.2d 1138, 1148 (8th Cir.1982) (en banc); accord Talbott v. Bowen, 821 F.2d 511 (8th Cir.1987); Jelinek v. Heckler, 764 F.2d 507, 511 (8th Cir.1985); Parsons v. Heckler, 739 F.2d 1334, 1339 (8th Cir.1984). The Guidelines serve as a substitute for vocational expert testimony, but their validity extends only as far as the assumptions implicit in each grid category. "Where a non-exertional impairment does so limit the claimant, the Secretary can only carry his burden through use of a vocational expert who can realistically appraise available work that can be performed by the claimant, given his existing abilities." Talbott, 821 F.2d at 515.
 
 
 22
 An ALJ may disregard a claimant's allegation of pain if, based on consideration of all the evidence, the ALJ "explicitly discredits allegations of pain for a legally sufficient reason." Millbrook v. Heckler, 780 F.2d 1371, 1373-74 (8th Cir.1985); see also Polaski v. Heckler, 739 F.2d 1320, 1321-22, supplemented, 751 F.2d 943 (8th Cir.1984), vacated, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 974 (1986), adhered to on remand, 804 F.2d 456 (8th Cir.1986), cert. denied, 482 U.S. 927, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987).
 
 
 23
 Assuming the ALJ may have properly discredited Simons' allegation of pain, an issue we need not decide, the ALJ's decision completely ignores Simons' other non-exertional limitations.[2] Non-exertional limitations include mental impairments. McCoy, 683 F.2d at 1148, citing 20 C.F.R. Pt. 404, Subpt. P. App. 2 Sec. 200.00(e) (1990). As set out, supra, the vocational expert testified that Simons had the physical but not the intellectual capacity and training to perform light or sedentary work. This testimony is not contradicted, or even addressed, by the ALJ. The district court also neglected this important consideration in determining Simons' residual functional capacity.
 
 
 24
 Contrary to the government's contention we find this case similar to Atkinson v. Bowen, 864 F.2d 67 (8th Cir.1988). In Atkinson, a forty-four-year-old claimant with an eighth grade education suffered from a variety of serious physical and mental impairments, but had the physical ability to do light and sedentary work. Id. at 68-69. The Secretary denied benefits but this court reversed, noting that the claimant needed rehabilitative and vocational counseling before he would in fact be able to obtain gainful employment. Id. at 70-71. The claimant in Atkinson had more severe intellectual challenges than Simons, but the principle is the same. Adequate training and intellectual capacity are presumed in the Guidelines, and evidence that militates against those presumptions makes the Guidelines inapplicable.
 
 
 25
 Given Simons' non-exertional limitation, the Secretary's reliance on the Guidelines was inappropriate. Once it became clear that Simons could not return to his trucking job, the burden shifted to the Secretary to prove residual functional capacity. Tucker v. Heckler, 776 F.2d 793, 795 (8th Cir.1985).
 
 
 26
 The vocational expert's undisputed testimony is that Simons currently does not have the mental ability and training to perform light and sedentary work. This opinion is neither supported nor contradicted by the fact that Simons has a ninth grade education. We are in no position to gauge the educational requirements of light work as defined in the Guidelines, but we acknowledge that Simons' education is minimal. Given the uncontradicted testimony of a vocational expert who has first-hand knowledge of the claimant, we must reverse the ALJ and direct the Secretary to grant Simons an award of benefits.[3]
 
 
 27
 It is so ordered.
 
 
 
 [1]
 Although Simon has good vision from his left eye, he lacks sufficient depth perception. [T. 30-31]
 
 
 [2]
 Simons alleges three non-exertional limitations: lack of depth perception, pain, and insufficient mental ability and training
 
 
 [3]
 As in Atkinson, this award should be made contingent on the claimant's good faith attempt to seek rehabilitation. Atkinson, 864 F.2d at 71. However, we note that the claimant has earlier indicated his willingness to undergo training. This fact must now be weighed with the additional factors that four years have now passed and the claimant's present condition may now preclude this consideration