United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-4248EA

_____

Demetrice Foreman,                          *
                                            *
            Appellant,                      *
                                            *   On Appeal from the United
      v.                                    *   States District Court
                                            *   for the Eastern District
John J. Callahan,[†] Acting                 *   of Arkansas.
Commissioner of the Social Security         *
Administration,                             *
                                            *
            Appellee.                       *

_____

Submitted: June 12, 1997

Filed: August 19, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, BEEZER[*] and WOLLMAN, Circuit
      Judges.

_____


RICHARD S. ARNOLD, Chief Judge.


_____

        [†]John J. Callahan was named to serve as the Acting Commissioner, effective on
March 1, 1997. He has been substituted as the appellee in place of the former
Commissioner, Shirley S. Chater, pursuant to Fed. R. App. P. 43(c)(1).

        [*]The Hon. Robert R. Beezer, United States Circuit Judge for the Ninth Circuit,
sitting by designation.

Demetrice Foreman appeals the District Court's grant of summary judgment upholding the Social Security Commissioner's final decision to deny disability benefits to Foreman. Because the Administrative Law Judge (ALJ) erred by failing to hear testimony of a vocational expert about whether jobs were available in the local or national economy for a person with Foreman's impaired intellectual capabilities, we reverse the District Court's grant of summary judgment and remand the case to that court with instructions to remand the case to the agency for further proceedings.

I.

Foreman, when he applied for benefits, was a twenty-year-old man with a tenth-grade education and no work experience. He has a limited intellectual capacity and a personality disorder. Although he can "read some," he cannot write a letter and has never learned to drive a car. He has a learning disability, so he receives special schooling. Tests indicated that his I.Q. was in the mid-70s. He also is temperamental, which has led to his being arrested for fighting and expelled from school for arguing with teachers. Foreman also suffers some depression, and has reported that he had twice attempted suicide. An examination led to the conclusion that Foreman would have a poor ability to comprehend, remember, and follow instructions from coworkers.

The ALJ found that Foreman had severe borderline intellectual functioning, intermittent explosive disorder, and a personality disorder, but that these impairments did not meet those listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (1995). The ALJ then concluded that these nonexertional limitations did not generally compromise Foreman's ability to work, and that, considering Foreman's age, education, and vocational history, the medical-vocational guidelines (the "grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, indicated Foreman was not disabled. The Appeals Council denied Foreman's request for review of the ALJ's decision. The District Court granted summary judgment for the Commissioner, concluding that because Foreman's nonexertional impairments do not

significantly diminish his capacity to perform work, the ALJ was not required to hear the testimony of a vocational expert.  Foreman now appeals.

II.

If an applicant for benefits has an impairment that does not meet or equal those listed in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 1, and if he or she cannot do his or her last regular work, then the Commissioner has the burden of proving that other jobs are available for the applicant in the national economy.  If the applicant's impairments are exertional (affecting the ability to perform physical labor), the Commissioner may carry this burden by referring to the grids, which are fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment.  These rules are "predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs" and therefore "may not be fully applicable where the nature of an individual's impairment does not result in such limitations, [for example] certain mental . . . impairments."  20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e).  The rules for application of the grids also provide that

> In the evaluation of disability where the individual has solely a nonexertional type of impairment, determination as to whether disability exists shall be based on the principles in the appropriate sections of the regulations, giving consideration to the rules for specific case situtations in this appendix 2.  <u>The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments.</u>

<u>Id.</u> § 200.00(e)(1) (emphasis ours).  Thus the rules themselves recognize that they contemplate primarily the range of jobs available to those whose impairments are

-3-

principally exertional, and do not address directly the situation of applicants whose impairments are not exertional.

The grids, consequently, do not accurately reflect the availabilty of jobs to people whose impairments are nonexertional, and who therefore cannot perform the full range of work contemplated within each table. Accordingly, we have in the past required that the Commissioner meet his burden of proving that jobs are available for a significantly nonexertionally impaired applicant by adducing the testimony of a vocational expert. See, e.g., Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993); Starks v. Bowen, 873 F.2d 187, 191 n.2 (8th Cir. 1989). "[W]here a claimant suffers from a nonexertional impairment which substantially limits his ability to perform gainful activity, the grid cannot take the place of expert vocational testimony." Talbott v. Bowen, 821 F.2d 511, 515 (8th Cir. 1987). Furthermore, "where the evidence of exertional limitations is extremely limited, and the dispute focuses on whether the claimant has the emotional capacity to engage in sustained employment, resort to the grid is inappropriate." Tennant v. Schweiker, 682 F.2d 707, 709-10 (8th Cir. 1982) (citing McCoy v. Schweiker, 683 F.2d 1138, 1148 (8th Cir. 1982) (en banc)).

The Commissioner did not call a vocational expert to testify. Consequently, if Foreman suffered from significant nonexertional impairments, the ALJ's conclusion that Foreman was not disabled is legally infirm. In his findings of fact, the ALJ stated that

> 9. If the claimant's nonexertional limitations did not significantly compromise his ability to perform work at all exertional levels, [the grid] indicates that a finding of not disabled would be appropriate.
>
> 10. Considering the range of work at all exertional levels which the claimant is still functionally capable of performing, in combination with his age, education, and

work experience, and using the [grid] as a framework for decisionmaking, the claimant is not disabled.

Admin. Tr. 26.

We read this passage as finding that Foreman's impairment was not significant, and we hold that there was not sufficient evidence in the record from which he could come to this conclusion. Foreman had an I.Q. below 75, which is near the borderline of what is considered mental retardation, and the ALJ specifically found Foreman to have borderline intellectual functioning. Admin Tr. 26. Moreover, Foreman has a learning disability, which requires special instruction, and his ability to read and write is very limited. Although there was evidence from a state disability evaluator that some jobs were available to a person with Foreman's intellectual capacity, the form was signed illegibly and Foreman had no opportunity to cross examine the writer of the report. We do not think that such conclusions can substitute for a vocational expert's testimony. The ALJ's opinion suggests that because Foreman has no physical impairments his job base is large, and his mental impairments should therefore not preclude him from obtaining work. See id. at 25. This Court, however, has "previously concluded that borderline intellectual functioning . . . is a significant nonexertional impairment that must be considered by a vocational expert." Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) (emphasis ours). We think that the ALJ's unsupported assertion that Foreman's mental impairment would not limit his ability to perform the full range of jobs contemplated in the grids "invaded the province of the vocational expert." Sanders v. Sullivan, 983 F.2d 822, 824 (8th Cir. 1992).

III.

We hold that the ALJ erred by deciding that Foreman was not disabled without a finding, supported by adequate evidence, that his impairment was not significant, and without the benefit of a vocational expert's testimony. We reverse the District Court's

grant of summary judgment for the Commissioner. We remand the cause to that Court with instructions to remand the cause to the Social Security Administration for further proceedings, at which a vocational expert's testimony must be presented if the Commissioner wishes to meet his burden of proving that jobs are available for a person with Foreman's nonexertional impairments.

It is so ordered.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.