# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3640SD

_____

Dwight L. Holz,              *
                                       *

         Appellant,        *

                                     *    On Appeal from the United

      v.                               *    States District Court

                                       *    for the District of

Kenneth S. Apfel, Commissioner of    *    South Dakota.
Social Security Administration,        *

                                         *

         Appellee.         *

_____

Submitted: July 16, 1999

Filed: September 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

      Dwight Holz appeals the District Court's grant of summary judgment upholding a partial denial of social security benefits. The administrative law judge (ALJ) found Holz was disabled within the meaning of the Social Security Act beginning on February 27, 1995, the date of his fiftieth birthday. The ALJ also found that from December 13, 1992, through February 27, 1995, Holz was not disabled. We believe

this latter finding is not supported by substantial evidence, and we therefore reverse the judgment.

The parties do not dispute that Holz has a severe back impairment and that he is thereby limited exertionally to sedentary work. It is also undisputed that Holz can no longer perform his past construction work and that he has no transferrable skills. The extent of Holz's nonexertional limitations related to his mental impairments is disputed.

Upon review following the Commissioner's denial of Holz's first application for benefits, the District Court remanded for further consideration. Specifically, the District Court found that because the record indicated Holtz potentially had nonexertional limitations stemming from a mental impairment, the ALJ should not have relied on Rule 201.18 of the medical-vocational guidelines (see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 1 (1998)) and was instead required to consult a vocational expert (VE). At a second hearing in February 1997, the ALJ considered additional benefits applications (for both disability insurance benefits and supplemental security income) and additional evidence. In relevant part, the additional evidence included a vocational assessment conducted in November 1994. Test results indicated Holz had an IQ composite score of 76, verbal and nonverbal reasoning ability in the low average to borderline range, an above average capacity to perform repetitive manual tasks (but the report noted that most jobs in this category required long periods in a fixed position), and a vocabulary below reading levels required for most jobs or training programs. At the hearing, a VE testified that Holz's past construction work would be classified as within the medium or heavy exertional levels, and as skilled or semiskilled, and that Holtz's skills would not be transferrable to any jobs in the sedentary category. The VE was not asked whether jobs existed in the national economy that Holz could perform.

In a June 1997 decision, the ALJ found that Holz's marginal education and difficulty in reading, writing, and spelling did not erode his residual functional capacity (RFC) to perform the full range of unskilled sedentary work since December 1992. The ALJ again relied on Rule 201.18 of the guidelines to find that Holz was not disabled until he reached the age of 50 on February 27, 1995. The ALJ attached a Psychiatric Review Technique Form, in which she assessed Holz as having no restrictions of activities of daily living; no difficulties in maintaining social functioning; no deficiencies of concentration, persistence, or pace; and no episodes of deterioration in a work or work-like setting. After the Appeals Council denied review, Holz sought judicial review of the final agency decision, and the District Court granted summary judgment in favor of the Commissioner. The District Court held, in part, that the ALJ properly relied on the guidelines because the evidence supported the ALJ's conclusion that Holz had no significant mental impairments.

We review the ALJ's decision to determine whether it is supported by substantial evidence on the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Ingram v. Chater, 107 F.3d 598, 600 (8th Cir. 1997). Accordingly, the ALJ's finding that Holz's nonexertional impairments were not significant is not supported by substantial evidence.

The Commissioner may use the guidelines to find that a claimant is not disabled if the claimant does not have nonexertional impairments, or if the nonexertional impairment does not diminish the claimant's RFC to perform the full range of activities listed in the guidelines. See id. If the nonexertional impairments significantly affect the RFC, however, the guidelines are not controlling and may not be used to direct a conclusion of not disabled. See Thompson v. Bowen, 850 F.2d 346, 350 (8th Cir. 1988). "Adequate training and intellectual capacity are presumed in the [g]uidelines, and evidence that militates against those presumptions makes the [g]uidelines inapplicable." Simmons v. Sullivan, 915 F.2d 1223, 1225 (8th Cir. 1990). Holz's

borderline intellectual functioning, see <u>Thomas v. Sullivan</u>, 876 F.2d 666, 668 n.1 (8th Cir. 1989) (borderline intellectual functioning describes individuals with IQ between 71 and 84), was a significant nonexertional impairment that needed to be considered by the VE, see <u>Foreman v. Callahan</u>, 122 F.3d 24, 26 (8th Cir. 1997); <u>Lucy v. Chater</u>, 113 F.3d 905, 908 (8th Cir. 1997).

We conclude that the case must be remanded to the Social Security Administration for further proceedings to determine the effect of Holz's borderline intellectual functioning. See <u>Foreman</u>, 122 F.3d at 26-27. We direct the Commissioner, on remand, to consider whether the guidelines, to the extent they are instructive, direct or suggest a finding of disability in the particular circumstances of this case. Holz was 47 to 49 years old during the period relevant to the disability determination at issue, he could not perform his past relevant work, he had no transferrable skills, and he was physically limited to sedentary work. In addition, with an IQ of 76 and a limited ability to read and write, he may be illiterate, see 20 C.F.R. § 404.1564(b)(1) (1998), or nearly so. See also 20 C.F.R. Pt. 404, Subpt. P. App. 2, § 201.00(h) & Ex. 2 (1998) (term "younger individual" denotes persons who are 18-49, but for those who are 45-49, age is less positive factor than for those who are 18-44; unskilled, illiterate, 45-to-49-year-old who is limited to sedentary work is generally disabled; Example 2: Illiterate 41-year-old with IQ of 78 restricted to unskilled sedentary work cannot perform full range of sedentary work, and finding of disabled is appropriate).

Accordingly, the judgment of the District Court is reversed, and the cause remanded to that Court with instructions to remand the matter to the Commissioner of the Social Security Administration for further proceedings in light of this opinion.

It is so ordered.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.