# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3243

_____

| | | |
|---|---|---|
| Sterling N. Turnipseed, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kenneth S. Apfel, Commissioner of | * | |
| Social Security, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 4, 2000
Filed: August 9, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Sterling N. Turnipseed appeals the District Court's[1] order affirming the
Commissioner's decision to deny his applications for disability insurance benefits and
supplemental security income. Turnipseed had alleged he could not work because of
back and stomach problems. After a hearing, the administrative law judge (ALJ)

_____

[1]The Honorable Robert G. Renner, United States District Judge for the District
of Minnesota, adopting the Report and Recommendations of the Honorable Arthur J.
Boylan, United States Magistrate Judge for the District of Minnesota.

concluded, based upon the testimony of a vocational expert (VE), that Turnipseed could not perform his past relevant work, but that he had the residual functional capacity (RFC) to perform specified light and sedentary unskilled jobs identified by the VE. After a thorough review of the record, see Berger v. Apfel, 200 F.3d 1157, 1161 (8th Cir. 2000) (standard of review), we affirm.

On appeal, Turnipseed first argues the ALJ erred by concluding he could perform light work, as Social Security Ruling (SSR) 83-10 requires that a claimant be able to lift "at least" 20 pounds in order to perform light work and an orthopedic physician had limited him to lifting 15 pounds. We disagree with Turnipseed's interpretation of SSR 83-10, and we note that Turnipseed went to the orthopedic physician only for a second opinion and he saw him only once. Cf. Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998) (finding of consulting physician who examines claimant once does not generally constitute substantial evidence). We also note that the ALJ's lifting restrictions were consistent with those of the Social Security Administration (SSA) physicians and more restrictive than those of one consulting physician, and that the ALJ also concluded Turnipseed could perform several sedentary unskilled jobs identified by the VE. Cf. Johnson v. Chater, 108 F.3d 942, 944-46 (8th Cir. 1997) (where SSA physicians concluded claimant could lift 20 pounds occasionally and claimant admitted he could lift two-gallon gasoline container weighing 15-20 pounds, substantial evidence supported ALJ's conclusion that claimant could perform light work).

Relying on the SSA's Program Operations Manual System (POMS) DI 24515.056D1(c), Turnipseed contends he was disabled under listing 12.05C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation or function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (1999). We disagree. POMS guidelines are not binding, see Berger, 200 F.3d at 1161, and this specific guideline only permits—but does not mandate—a 12.05C equivalence for a slightly higher IQ (e.g., 70-75). Turnipseed also asserts that his IQ is between 64 and 75, but

the record supports the ALJ's conclusion that he has borderline intellectual functioning. See Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999) (borderline intellectual functioning is IQ between 71 and 84).

Finally, Turnipseed argues that the ALJ should have found him restricted to sedentary work, and that under 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h) (example of when Medical-Vocational Guidelines are inapplicable to individual found capable of sedentary work), he would be disabled. We find Turnipseed's reliance on this regulatory example misplaced, as this provision applies to the guidelines, and here the ALJ relied on VE testimony because of Turnipseed's nonexertional impairments. Cf. Holz, 191 F.3d at 947 (if nonexertional impairments significantly affect RFC, guidelines are not controlling and may not be used to direct conclusion of not disabled). We also reject Turnipseed's suggestion that the ALJ failed to properly consider his impairments in combination. Cf. Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.