# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-2487

_____

| | | |
|---|---|---|
| Ellen Hunt, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Larry G. Massanari, Acting | * | |
| Commissioner of Social Security*, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 15, 2001
Filed: May 16, 2001

_____

Before WOLLMAN, Chief Judge, BRIGHT, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

BRIGHT, Circuit Judge.


    Ellen Hunt appeals the judgment of the district court affirming the final decision
of the Commissioner of Social Security Administration (SSA) denying Hunt's petition
for supplemental security income (SSI) benefits based on disability. In her appeal,
Hunt asserts the Administrative Law Judge (ALJ) posed a defective hypothetical

_____

*Pursuant to Fed. R. App. P. 43(c)(2), Larry G. Massanari, appointed to serve
as Acting Commissioner effective March 29, 2001, is automatically substituted for
former Commissioner Kenneth S. Apfel.

question to the vocational expert because it did not accurately set forth Hunt's impairments, specifically her borderline intelligence.

Our review is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole, that is, evidence that reasonable minds would accept as adequate to support the Commissioner's conclusion. 42 U.S.C. §§ 405(g), 1382(c)(3); Richardson v. Perales, 402 U.S. 389, 401 (1971); Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999). The review is more than "a search of the record for evidence supporting the Secretary's findings." Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1989). In determining substantiality, the court must also balance the weight of the evidence that detracts from the Commissioner's decision. Muncy v. Apfel, No. 00-2210, 2001 WL 360626, at *1 (8th Cir. Apr. 12, 2001). Because of the insufficiency of the record with regard to Hunt's borderline intellectual functioning, we must remand this matter to the Commissioner for further proceedings.

I.

In 1992, Hunt applied for SSI benefits, alleging disability since 1988 due to slipped discs, asthma, bad nerves, insomnia, memory loss, pelvic pain, and migraine headaches. Hunt is now thirty-five years old with an eighth grade education. She last worked as a motel maid more than fifteen years ago. The SSA denied her application initially and on reconsideration. Hunt then requested and received an administrative hearing in 1995 before an ALJ, who determined that she was not disabled. On remand from the district court, directing the ALJ to consider additional physicians' findings, as well as other matters, a second hearing occurred in 1997 and the ALJ again concluded Hunt was not disabled because she was capable of performing alternative work. Following yet a third hearing in 1998, after remand from the district court because the tape from the second hearing had been lost, an ALJ denied Hunt's request for benefits. The Appeals Council denied her request for review, and Hunt brought suit in federal court.

During the continuing disability review, different psychologists evaluated Hunt on the Weschler Adult Intelligence Scale-Revised ("WAIS-R"), used for formal intelligence testing. At her testing in 1988, her full scale IQ was 71, verbal IQ was 76, and performance IQ was 65. An IQ of 71 placed her in the low normal range, described by "borderline intellectual functioning." Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999) ("Borderline intellectual functioning describes individuals with IQ between 71 and 84."); Thomas v. Sullivan, 876 F.2d 666, 668 n.1 (8th Cir. 1989). At two testings in 1993, her verbal IQs were 74, performance IQs were 85 and 77 respectively, and full scale IQs were 77 and 74, still placing her in the low normal range. A testing in 1997 placed her full scale IQ at 79.

At the 1998 administrative hearing, the ALJ utilized the familiar "five-step sequential evaluation process for determining whether a person is disabled." Riley v. Shalala, 18 F.3d 619, 621 (8th Cir. 1994). At step one, the ALJ found Hunt had not been gainfully employed since 1983. The testimony demonstrated that Hunt has borderline intellectual functioning, an impairment which causes significant vocationally relevant limitations. At step three, the ALJ noted that Hunt had borderline IQ and severe physical impairments of mild degenerative disc disease of the lumbar spine, asthmatic bronchitis, migraine headaches, history of pelvic pain resolved with a complete hysterectomy, but that Hunt did not have an impairment or combination of impairments which meet or equal the requisite level of severity under the Social Security Act. The ALJ found at step four that Hunt has non-exertional limitations which narrow the range of sedentary or light work she is capable of performing, making it impossible for her to perform tasks requiring normal intelligence in that she is limited to the performance of simple, repetitive tasks which require only simple supervision and the following of simple instructions.

The analysis at step five is of primary concern in this appeal. The testimony of a vocational expert is required when a claimant has satisfied her initial burden of showing that she is incapable of performing her past relevant work. Johnston v.

Shalala, 42 F.3d 448, 452 (8th Cir. 1994). The vocational expert (VE), Dianne Smith, stated Hunt could fulfill the job requirements of several unskilled positions that exist in significant numbers in the local area. However, the ALJ did not include in his question to the VE the factor of a person with borderline intellectual functioning.

## II.

Hunt argues on appeal that the ALJ's decision denying benefits is not supported by substantial evidence in the record as a whole. According to Hunt, the ALJ erred by failing to include in the hypothetical posed to the vocational expert any reference to Hunt's borderline intelligence.

The Commissioner responds that the hypothetical accurately set forth all of her impairments and that the ALJ properly weighed the evidence in determining her functional capacity. The Commissioner also argues that IQ should not be considered on its own in determining mental capacity. The Commissioner states that the ALJ properly considered not only Hunt's IQ, but also other aspects of mental impairment, including social functioning and deficiencies of concentration, persistence, or pace. Finding that none of these factors showed a mental impairment, the Commissioner contends that the ALJ properly determined that Hunt did not suffer from a severe mental impairment. We disagree.

A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. See Prosch v. Apfel, 201 F.3d 1010, 1015 (8th Cir. 2000). The hypothetical question must capture the concrete consequences of the claimant's deficiencies. Taylor v. Chater, 118 F.3d 1274, 1278 (8th Cir. 1997). Likewise the ALJ may exclude any alleged impairments that she has properly rejected as untrue or unsubstantiated. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997).

Our case law indicates that borderline intellectual functioning should be considered a severe impairment. See Lucy v. Chater, 113 F.3d 905, 908 (8th Cir. 1997) ("We have previously concluded that borderline intellectual functioning, if supported by the record as it is here, is a significant nonexertional impairment."). The hypothetical here addressed Hunt's occasional moderate pain which is relieved with medication and her need for alternate sitting and standing, and required the expert to limit her consideration to jobs which would allow for lifting only between ten to twenty pounds occasionally and for Hunt's limited vocational and educational background. As such, the hypothetical was insufficient. Unlike the claimant in Davis v. Apfel, 239 F.3d 962, 966-67 (8th Cir. 2001) (determining there was significant evidence available to support the ALJ's conclusion that the claimant did not suffer from a severe mental impairment, thus discrediting the lone IQ score indicating borderline intelligence), Hunt alleged that she suffers from depression, bad nerves and memory loss, and the ALJ here acknowledged that Hunt has mental impairments, although not disabling in nature, and that finding is supported by objective evidence -- the IQ scores -- of borderline intellectual functioning. Such a score indicates a "significant nonexertional impairment that needed to be considered by the VE." Holz v. Apfel, 191 F.3d at 947 (citing Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997)); see also Lucy, 113 F.3d at 908; Pinkney v. Chater, 96 F.3d 294, 296-97 (8th Cir. 1996). The record reflected as well that she struggled with emotional problems. When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence. Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994); cf. Lauer v. Apfel, No. 00-1705, 2001 WL 322161 (8th Cir. Apr. 4, 2001) (vacating judgment and remanding case because the hypothetical question posed to the VE did not fully address the claimant's mental impairments and the degree to which the combination of his physical and mental impairments affects his ability to work).

Consequently, further proceedings are needed to determine the effect of Hunt's borderline intellectual functioning. On remand, the Commissioner is directed to consider vocational expert testimony addressing whether there are jobs in the economy

Hunt, given her borderline intellectual functioning and other limitations, can perform. Then, the Commissioner is directed to consider whether a finding of disability is suggested in the particular circumstances of this case.

## III.

Accordingly, the judgment of the district court is reversed, and the cause remanded to that court with instructions to remand the matter to the Commissioner of the Social Security Administration for further proceedings in light of this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.