# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3226

_____

| | |
|---|---|
| Jimmy L. Ply, | * |
| | *    Appeal from the United States |
| Appellant, | *    District Court for the |
| | *    Western District of Arkansas. |
| v. | * |
| | * |
| Larry G. Massanari, Acting | *    [TO BE PUBLISHED] |
| Commissioner, Social Security | * |
| Administration,[1] | |

_____

Submitted:  May 25, 2001
Filed:   May 31, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Jimmy L. Ply appeals the district court's[2] order affirming the Commissioner's decision to terminate his disability insurance benefits.  In March 1992 Ply was found disabled as of March 1991 primarily because of two back surgeries and related pain.

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In March 1996 he alleged continued disability from frequent severe back and leg pain, hernia surgery, a stroke, hypothyroidism, carpal tunnel syndrome, and right-foot pain and dysfunction; nevertheless, in June 1996 he was notified his disability insurance benefits would terminate on August 31, 1996, due to medical improvement. In August 1996, after a disability hearing before a hearing officer, the termination was upheld. Ply again sought reconsideration, and following an administrative hearing, an administrative law judge (ALJ) found that the medical evidence established improvement, related to Ply's ability to work; that he was capable of performing the physical exertional requirements of light work; and that, although he could not perform his past relevant work, he was not disabled after the June 1996 termination of benefits, based on the Medical Vocational Guidelines (Guidelines). After carefully reviewing the record, see Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000) (standard of review), we affirm.

Ply first contends the ALJ improperly discredited his subjective complaints, suggesting that the ALJ relied solely on Ply's demeanor at the hearing. To the contrary, after citing the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ noted not only Ply's hearing demeanor, but multiple other reasons, including inconsistencies in Ply's statements about his daily activities, for discrediting his subjective complaints of disabling pain. See Haggard v. Apfel, 175 F.3d 591, 594-95 (8th Cir. 1999) (decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints of pain will not be disturbed).

Ply also argues that the ALJ improperly found him capable of performing light work. However, the ALJ's residual-functional-capacity findings, which mirror those of the Social Security Administration physician in June 1996, are supported by the post-1992 medical records--including the observations of Ply's treating physicians -- and by the statements (those that were credited) of Ply and his girlfriend concerning his level of physical activity. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is responsible for determining residual functional capacity based on all

-2-

relevant evidence, including medical evidence, observations of treating physicians and others, and claimant's description of his limitations).

Ply further asserts that (1) the ALJ was bound, under administrative res judicata, by the previous ALJ's March 1992 findings as to Ply's subjective complaints of pain, his limited residual functional capacity, and the disability from his back surgeries; and (2) the standard for terminating benefits was not met. We disagree. The prior determination was based on Ply's disability status at that time, not on his post-June-1996 disability status, and we have recognized the continuing-review regulations. See 20 C.F.R. § 404.1594 (2001) (outlining procedure for determining whether disability continues); Mittlestedt, 204 F.3d at 852 (under § 404.1594, claims must be reviewed periodically to determine if medical improvement has resulted in claimant's ability to work again; determination must be made without initial inference as to disability status based on prior finding of disability).

Finally, Ply argues that the ALJ erred by relying on the Guidelines. This argument also fails, as the ALJ properly discredited Ply's subjective complaints of pain, see Reynolds v. Chater, 82 F.3d 254, 258-59 (8th Cir. 1996) (when complaints of pain are explicitly discredited for legally sufficient reasons, Guidelines may be used); and thus, contrary to Ply's assertion, the ALJ was not required to identify specific jobs Ply could perform, see Gray v. Apfel, 192 F.3d 799, 802 (8th Cir. 1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.