# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1285

_____

Frank Caruso,                         *
                                      *
            Appellant,                *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   Western District of Arkansas.
Larry G. Massanari,[1] Commissioner,  *       [UNPUBLISHED]
Social Security Administration,       *
                                      *
            Appellee.                 *

_____

Submitted:  September 7, 2001

Filed:  September 21, 2001

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD, and BYE,
      Circuit Judges.

_____

PER CURIAM.

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of
Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate
Procedure 43(c)(2).

Frank Caruso appeals the district court's[2] order affirming the denial of supplemental security income. Having carefully reviewed the record, see Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001) (standard of review), we affirm.

In his November 1996 application, Caruso alleged disability since October 1996 from chronic hepatitis C, right-knee degenerative arthritis, and bilateral carpal tunnel syndrome. After a hearing, an administrative law judge (ALJ) found that Caruso was capable of performing his past relevant work, and thus he was not disabled.

Caruso primarily contends that the ALJ improperly discredited his and his witnesses' testimony. We disagree. The ALJ summarized the testimony of Caruso and his witnesses, and cited the factors in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); then, noting multiple inconsistencies in the record, the ALJ found Caruso's subjective complaints were not credible to the extent alleged. See Dunahoo, 241 F.3d at 1038 (if ALJ discredits claimant and gives good reasons for doing so, this court will defer to his judgment even if every factor is not discussed in depth); cf. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (where same evidence would support discounting testimony of claimant's husband, ALJ's failure to articulate reasons for discrediting him is inconsequential).

Caruso's other suggestions of error are also meritless. See Ply v. Massanari, 251 F.3d 777, 779 (8th Cir. 2001) (per curiam) (ALJ is responsible for determining residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's description of his limitations); Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994) (conclusory statement that ALJ failed to consider combined effects of impairments was unfounded where ALJ

_____

[2]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

noted each impairment and concluded that impairments, alone or in combination, were not of listing-level severity).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.