# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1622

_____

| | | |
|---|---|---|
| Helen Marie Lee, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry G. Massanari,[1] Commissioner, | * | |
| Social Security Administration, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: October 3, 2001
Filed: October 4, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Helen Marie Lee appeals the District Court's[2] order affirming the Commissioner's denial of disability insurance benefits. Having carefully reviewed the

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

[2]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

record, see Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001) (standard of review), we affirm.

In her January 1995 application, Lee claimed disability since August 1994 from back problems. After a March 1998 hearing, the administrative law judge (ALJ) found Lee not disabled, because—although she could not perform her past relevant work—she could perform jobs identified by a vocational expert to whom a hypothetical had been posed.

Contrary to Lee's assertions on appeal, we conclude the ALJ (1) developed the record fully and fairly, see 20 C.F.R. § 404.1517 (2001); (2) made residual-functional-capacity and credibility findings which are supported by substantial evidence in the record as a whole, see Ply v. Massanari, 251 F.3d 777, 779 (8th Cir. 2001) (per curiam); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001); (3) considered Lee's impairments in combination, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994); (4) properly found Lee's lumbar disc disease was not of listing-level severity, see 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.05(C) (2001); and (5) met his burden at step five of the sequential evaluation process, see Hunt, 250 F.3d at 625. We decline to consider Lee's remaining arguments. See PlaNet Prods., Inc. v. Shank, 119 F.3d 729, 732 (8th Cir. 1997); Misner v. Chater, 79 F.3d 745, 746 (8th Cir. 1996); Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp., 986 F.2d 1208, 1212 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-