# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2224

_____

Sherry Lincoln,                              *
                                             *
               Appellant,          *
                                             *
                                             *   Appeal from the United States
   v.                                   *   District Court for the Eastern
                                             *   District of Missouri.
Jo Anne B. Barnhart,* Commissioner,          *
Social Security Commission,                  *       [UNPUBLISHED]
                                             *
              Appellee.           *

_____

Submitted: November 16, 2001

Filed: November 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

     Sherry Lincoln applied for disability insurance benefits and supplemental security income benefits because of diabetes.  Lincoln had not worked in her earlier occupation as a waitress for two years before her application for benefits.  According to medical records, most of the complaints for which Lincoln sought treatment were

_____

    *Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

minor in nature. Lincoln's diabetes-related complaints included blood sugar fluctuation, fatigue, tendinitis, and pain. After a hearing, the Administrative Law Judge (ALJ) denied benefits. The Appeals Council affirmed the ALJ's determination. Lincoln then filed for judicial review. The district court remanded the case to the Commissioner for further proceedings to include consideration of a vocational expert's (VE) testimony and lay witnesses testimony about Lincoln's losses of consciousness. After another hearing which included VE testimony and specifically considered all the evidence, the ALJ again denied benefits, finding Lincoln's complaints were not credible and she retained the ability to perform sedentary work available in the national economy. Although Lincoln did not seek benefits because of a mental disorder, the ALJ also considered evidence that Lincoln has borderline intellectual functioning, dependent personality disorder, and may have somatoform disorder. Because Lincoln's exceptions were not filed in time, the Appeals Council affirmed without further consideration. Lincoln again filed for judicial review.

The district court** affirmed the Commissioner's denial of disability insurance benefits and supplemental security income benefits, finding substantial evidence in the record as a whole supports the Commissioner's decision. Lincoln now appeals. Having carefully reviewed the record and the parties' briefs, we affirm. See Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001). Despite Lincoln's contrary assertions, we conclude the ALJ properly posed hypothetical questions that captured impairments substantially supported by the record and properly considered the VE's opinion on each hypothetical question. See id. at 625. The ALJ also properly considered the lay witness testimony about Lincoln's losses of consciousness. Additionally, we reject Lincoln's contention that acknowledging Lincoln's functional limitations is inconsistent with concluding Lincoln is not disabled. Indeed, the law

---

**The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties under 28 U.S.C. § 636(c).

-2-

requires the ALJ to recite a claimant's functional limitations when analyzing the claimant's residual functional capacity.  See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000).

Finding no reversible error, we thus affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.