# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1930

_____

| | | |
|---|---|---|
| Joseph R. Emily, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Jo Anne B. Barnhart,* Commissioner, | * | [UNPUBLISHED] |
| Social Security Commission, | * | |
| | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 16, 2001

Filed: November 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

In 1994, Joseph R. Emily applied for supplemental security income benefits because of back pain, mental slowness, hearing problems, and swelling in his right knee. Emily's back and knee were injured over twenty years ago in two separate

_____

*Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee under Federal Rule of appellate Procedure 43(c)(2).

accidents when a concrete form struck him in the hip and a log struck him in the knee. Emily worked after these injuries as a sewer line photo inspector, a construction worker, a metal cleaner, and a photo-finishing splicer. After medical and psychological evaluations, Emily was diagnosed with the following conditions related to his claimed impairments: mild left curvature of the lumbar spine with degenerative changes, mild narrowed intravertebral discs, incomplete fusion of the spinous process, borderline intellectual functioning (full-scale IQ of 78) with functional illiteracy, ear wax impaction in the right ear, and no evidence of injury to either the bones or soft-tissue of the right knee. In addition, Emily's recurrent chest pain was diagnosed as being caused by either constricting chest muscles (angina) or inflamation of the stomach (gastritis).

The Administrative Law Judge (ALJ) initially denied benefits. The Appeals Council declined Emily's request for review. Emily then petitioned for judicial review. The district court remanded the case with instructions to determine the credibility of Emily's wife, complete a Psychiatric Review Technique Form about Emily's borderline intellectual functioning, and complete the sequential evaluation process considering the mental impairment. After a supplemental hearing and proper sequential evaluation, the ALJ again denied benefits. The ALJ found although Emily has severe impairments, he does not have a disabling impairment, his complaints of pain are not fully credible, and he retains the residual functional capacity to perform limited sedentary work available in the national economy. The Appeals Council declined Emily's second request for review. Emily again petitioned for judicial review. The district court[**] affirmed the Commissioner's denial of benefits, finding substantial evidence in the record as a whole supports the Commissioner's decision.

---

[**]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri.

Emily now appeals. Having carefully reviewed the record and the parties' briefs, we affirm. See Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001).

On appeal, Emily contends that the ALJ should have determined Emily was disabled based on Emily's wife's testimony and the vocational expert's (VE) answers to hypothetical questions. The ALJ found Emily's wife credibly testified that Emily was literally bed-ridden two to three days each month. The VE testified that there are jobs available for a person with Emily's limitations, but not for a person with Emily's limitations who is also bed-ridden several times each month. Because the ALJ found there were available jobs that Emily could perform, Emily argues the ALJ relied on the answer to the hypothetical question that did not account for the relevant fact that he is bed-ridden several days each month. Despite Emily's contrary contentions, we conclude the ALJ properly posed and relied on hypothetical questions that captured impairments substantially supported by the record. See id. at 625. Mrs. Emily's credible testimony about Emily's behavior does not prove that bed rest is medically necessary. See, e.g., 20 C.F.R. § 416.929(a) (2001). The ALJ may exclude any alleged impairments from the hypothetical question, like the medical need for bed rest, that she has rejected as being untrue or unsubstantiated. See Hunt, 250 F.3d at 625.

Finding no reversible error, we thus affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.