# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2989

_____

Forrest Cole,                                               *

                        *

            Appellant,                 *

                        *   Appeal from the United States

   v.                          *   District Court for the Eastern

                        *   District of Arkansas.

Jo Anne B. Barnhart,* Commissioner,   *

Social Security Administration,     *      [UNPUBLISHED]

                        *

           Appellee.             *

_____

Submitted: January 17, 2002

Filed: January 24, 2002

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

     Forrest Cole applied for disability insurance benefits and supplemental security income benefits following a head injury he received during a mugging. Cole's right eye was injured, and he became sensitive to bright lights. Cole also experienced nightmares and decreased cognitive functioning. After assessment, a

---

     *Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

neuropsychologist diagnosed Cole with depression, post traumatic stress disorder, cognitive disorder, and borderline intellectual functioning. Cole was last employed as a commercial bus driver three years before his injury. Because this is a semi-skilled occupation, Cole is presumed to have had an average level of intellectual functioning before the injury.

After a hearing and the proper sequential evaluation, the Administrative Law Judge (ALJ) denied benefits, finding Cole has a severe impairment, but does not have an impairment that meets the criteria for disability. The ALJ further concluded Cole cannot perform his past relevant work, but can perform work available in the national economy. The Appeals Council affirmed the ALJ's determination. Cole then filed for judicial review. The district court[**] affirmed the Commissioner's denial of benefits, finding substantial evidence in the record as a whole supports the Commissioner's decision. Cole now appeals. Having carefully reviewed the record and the parties' briefs, we affirm. See Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001).

Cole argues the ALJ should have considered whether he met the criteria of § 12.02, Organic Mental Disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2001). Although Cole argues he meets criteria § 12.02(A)(7) because he suffered a fifteen point loss of intellectual functioning as a result of the injury, his argument fails. Section 12.02 requires not only a loss of cognitive abilities under § 12.02(A), but also two of the following under § 12.02(B): marked restriction in activities of daily living, social functioning, or concentration, persistence, and pace, or repeated episodes of decompensation. Cole does not identify which domains of functioning are restricted, and the Psychiatric Review Technique Form shows Cole is, at worst, moderately impaired in two functional domains. Although the ALJ did not evaluate Cole under

_____

[**]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

§ 12.02, Cole would not meet the requirements.  Failure to address § 12.02 in the opinion is not error.  See Goose v. Apfel, 238 F.3d 981, 984 (8th Cir. 2001).

We also reject Cole's argument that the hypothetical questions posed to the vocational expert (VE) did not adequately capture his visual and mental impairments. The ALJ did include sensitivity to bright light which could be helped by wearing sunglasses, and the postinjury mental limitations described by the neuropsychologist in the hypothetical questions.  The ALJ properly posed hypothetical questions that captured impairments substantially supported by the record and properly considered the VE's opinion.  Hunt, 250 F.3d at 625.

We find no reversible error.  Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.