# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

––––––––––––

No. 01-2249

––––––––––––

John A. Hautamaki,

        Appellant,

v.

Jo Anne B. Barnhart,* Commissioner,
Social Security Administration,

        Appellee.

\*
\*
\*    Appeal from the United States
\*    District Court for the District
\*    of Minnesota.
\*
\*       [UNPUBLISHED]
\*
\*
\*

––––––––––––

Submitted: February 13, 2002

Filed: February 20, 2002

––––––––––––

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

––––––––––––

PER CURIAM.

John A. Hautamaki, a now fifty-nine-year-old electrical engineer, applied for disability insurance benefits one year after an on-the-job injury that resulted in four broken ribs. Hautamaki claimed he was unable to work because of neck and back pain, migraine headaches, respiratory distress, urinary dysfunction, glaucoma,

––––––––––––

*Jo Anne B. Barnhart has been appointed to serve as Commissioner of Social Security, and is substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

fractured ribs, and sleeplessness. Hautamaki was diagnosed with hysterical pain disorder and delayed recovery syndrome. In addition, one psychologist could not rule out somatoform disorder, but offered no diagnosis. In the past, Hautamaki worked as an electrical engineer, nuclear power engineer, superindendent, press punch operator, and die cast operator.

After a hearing and the proper sequential evaluation, the Administrative Law Judge (ALJ) denied benefits, finding Hautamaki has severe impairments (residuals of crushed ribs, back and neck pain, and bladder dysfunction), but does not have an impairment that meets the criteria for disability. The ALJ further concluded Hautamaki cannot perform his past relevant work, but can perform work available in the national economy. The Appeals Council affirmed the ALJ's determination. Hautamaki then filed for judicial review. The district court[**] affirmed the Commissioner's denial of benefits, finding substantial evidence in the record as a whole supports the Commissioner's decision. Hautamaki now appeals. Having carefully reviewed the record and the parties' briefs, we affirm. See Hunt v. Massanari, 250 F.3d 622, 623-24 (8th Cir. 2001).

Hautamaki argues that the ALJ impermissibly substituted his own judgment for that of Hautamaki's doctors and mistakenly concluded that he did not have a severe mental impairment. We reject these contentions and agree with the thorough findings of the magistrate judge. The ALJ properly considered the opinions of Hautamaki's doctors and properly completed the psychiatric review technique form, noting the presence of somatoform disorder (physical symptoms without a known physical cause), but concluding any associated functional limitations were slight. See Lauer v. Apfel, 245 F.3d 700, 703-04 (8th Cir. 2001). Several of Hautamaki's doctors

---

[**]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable E.S. Swearingen, United States Magistrate Judge for the District of Minnesota.

describe Hautamaki's physical complaints in the absence of physical causes, but the doctors do not diagnose Hautamaki with a mental impairment. One psychologist diagnosed Hautamaki with hysterical pain disorder and delayed recovery syndrome, labels which describe pain and delayed recovery without an identifiable physical cause. The psychologist's report explains possible reasons why Hautamaki manifests physical symptoms to avoid work, but neither this psychologist nor any other doctor concluded that Hautamaki is unable to work because of a mental disorder.

We also reject Hautamaki's contention that the hypothetical questions posed to the vocational expert (VE) did not adequately capture his mental impairments. Having earlier concluded that Hautamaki's somatoform disorder was not a severe mental impairment, the ALJ properly excluded the mental disorder from the hypothetical question because it was not substantially supported by the record. Hunt, 250 F.3d at 625.

We find no reversible error. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.