# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2120

_____

Linda A. Wilson,                  *
                                   *

           Appellant,      *
                                   *   Appeal from the United States

     v.                       *   District Court for the
                                   *   Eastern District of Arkansas.

Jo Anne B. Barnhart, Commissioner,  *
Social Security Administration,      *   [UNPUBLISHED]
                                   *

           Appellee.       *

_____

Submitted: July 24, 2006
Filed: July 27, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Linda Wilson appeals the district court's[1] order affirming the termination of her disability insurance benefits (DIB) and supplemental security income (SSI) based on a finding of substantial medical improvement of her asthma, which was previously found to be disabling. For reversal, Wilson argues that (1) the adverse credibility finding by the administrative law judge (ALJ) was improper under "administrative res

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

judicata" or because it was not supported by adequate reasons and substantial evidence; (2) the ALJ inadequately developed the record; and (3) the ALJ's decision was inconsistent with the Listings and not supported by substantial evidence on the record as a whole.

We will affirm if substantial record evidence supports the ALJ's finding that Wilson is no longer disabled as a result of an improvement in her medical condition. See Dixon v. Barnhart, 324 F.3d 997, 1000 (8th Cir. 2003) (standard of review in continuing-review cases); Nelson v. Sullivan, 946 F.2d 1314, 1315 (8th Cir. 1991) (per curiam) (claimant has "continuing burden" to show that he or she is disabled; once that initial burden is met, burden shifts to government to demonstrate that claimant is no longer disabled as result of improvement in medical condition).

Contrary to Wilson's argument, the findings made in connection with the prior disability determination were not binding on the ALJ under "administrative res judicata." See Ply v. Massanari, 251 F.3d 777, 778 (8th Cir. 2001) (per curiam) (rejecting assertion that ALJ was bound by previous findings under "administrative res judicata"; prior findings were based on claimant's past disability status and, under continuing-review regulations, new disability determination is to be made without drawing inference from prior determination); Nelson, 946 F.2d at 1315 (no inference is to be drawn from previous grant of benefits). Upon review, we hold that the ALJ's adverse credibility finding is supported by good reasons and substantial evidence and therefore is entitled to deference. See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (court defers to ALJ's credibility finding if supported by good reasons and substantial evidence).

Wilson's challenge to the adequacy of the ALJ's development of the record is also meritless. She has not identified any records which the ALJ could have and should have obtained before rendering his decision. In fact, the ALJ requested--from the only doctor Wilson identified as treating her asthma--both her up-to-date treatment

records and a comprehensive assessment of her limitations.  We therefore hold that the ALJ adequately developed the record.  Cf. Milton v. Schweiker, 669 F.2d 554, 556-57 (8th Cir. 1982) (per curiam) (where ALJ had found claimant not disabled due to lack of evidence, remanding for development of record because ALJ ignored references in claimant's application and doctor's report to tests and treatments for irreversible chronic lymphatic obstruction of claimant's right leg and references in medical reports to claimant's laminectomy and back impairment, all of which occurred within relevant time frame).

To the extent Wilson argues the ALJ should have found her disabled under Listing 3.03B because she visited the emergency room four times in a six-month period, that argument also fails.  The emergency room visits occurred after the ALJ issued his decision and, in any event, do not establish an impairment meeting or equal to the relevant medical criteria under the Listing, which requires at least six severe asthmatic attacks within twelve consecutive months (with hospitalizations of twenty-four hours or more counting as two attacks).  See Sullivan v. Zebley, 493 U.S. 521, 531 (1990) (to qualify for benefits by showing that impairment or combination of impairments is "equivalent" to listed impairment, claimant "must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment" regardless of whether overall functional impact is equivalent (emphasis original)).

In sum, we hold that the ALJ's decision is supported by substantial evidence on the record as a whole.  Wilson's remaining arguments provide no basis for reversal.  The order of the district court is affirmed.  See 8th Cir. R. 47B.

_____